UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

vs.  CASE NO. 8:10-cr-258-T-17MAP

JOHN W. LEBRON,
CYNTHIA LEBRON,
PATRICIA LEBRON, and
PAUL GOGOLEWSKI.

_____/

## ORDER

This cause comes before the Court on the government's *ore tenus* motion to renew its prior motion *in limine* regarding the admissibility of certain business records[1] and on Defendant John W. Lebron's *ore tenus* motion to compel production of allegedly undisclosed records in the possession of the United States and their investigative agencies.[2] Having heard argument of

---

[1] On September 26, 20122, the government filed its Motion *in Limine* for Pre-Trial Determination of the Applicability of Fed. R. Evid. 803(6) and 902(11) and, thus, Admissibility of Records of Regularly Conducted Activity. *See* Dkt. 113. The motion was referred to Magistrate Judge Pizzo. Judge Pizzo found the motion moot, instead construing the motion as a notice of intent to rely on declarations for authenticating documents pursuant to Federal Rule of Evidence 902(11). *See* Dkt. 146, p. 3. The government, having not received a ruling on the matter, renewed its motion in open court on October 1, 2012.

[2] In Defendant's Limited Response to Government's Amended Motion in Limine, rather than in a separate request for relief, Defendant sought the production of "any and all 'Brady' material that the Government may possess concerning the so-called 'custodians of records' [referring to the Rule 902(11) declarants]." *See* Dkt. 129, p. 4. In response to questioning by the Court, Defendant John W. Lebron renewed this request in open court on October 1, 2012. Defendants Patricia Lebron and Paul Gogolewski joined in the motion.

counsel, the Court grants the government's motion *in limine* and denies the Defendant John W. Lebron's motion to compel.

## DISCUSSION

### A.

Defendant is facing seven mortgage fraud related charges for allegedly providing false statements to financial institutions related to mortgage loan applications. The nature of these offenses demand a weighty reliance on business records, such as bank records, lender files, title files, and employer files. The government filed its notice of intent to rely on declarations to admit these business records into evidence and the Defendant objects. *See* Dkt. 113, 129. The Defendant objects to the introduction of these records on the grounds that some of the documents are forgeries or computer generated signatures and, as a result, the documents lack trustworthiness.

A party can introduce business records by way of declaration so long as: (1) it provides notice in advance of trial of its intent to do so; and (2) it makes the records and declaration available for inspection. *United States v. Lezcano*, 296 Fed. App'x 800 (11th Cir. 2008). There is no dispute the government did both in this instance. Defendant's position is that the originals, not just the duplicate copies, must be made available in order to test the authenticity of his signatures on several of the documents. To that end, Defendant filed an affidavit questioning the authenticity of some but not all of the documents in question. *See* Dkt. 129, Exhibit 1. "A duplicate is admissible to the same extent as the original unless a genuine issue is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Rule 1003, Fed. R. Evid. Defendant's unspecified and generalized statement that some of the documents he reviewed contain "either forged, computer generated/transposed or photocopied copies of [his] signature" is simply insufficient to raise a genuine issue of the original's

authenticity. *See* Dkt. 129, Exhibit 1, at ¶ 4. These conclusory allegations are without sufficient factual support to raise a genuine question as to the trustworthiness of the documents. *See, e.g., United States v. Lock*, 411 Fed. App'x 5, 7 (7th Cir. 2010) ("Given the lack of factual support for these claims, the district court did not abuse its discretion in rejecting them."). Accordingly, the Court grants the government's motion *in limine*.

### B.

The next order of business is Defendant's request for *Brady* information that is being allegedly withheld by the government. Specifically, Defendant argues the government is required to provide to the defense all records in the possession of the United States and its investigative agencies relating to any "fraud related" investigations of, at a minimum, Bank of America, Citibank, N.A., and World Savings Bank, F.S.B. (now Wells Fargo Bank, N.A.) (the "Lenders"). Dkt. 176, p. 4. This information must be turned over because, according to Defendant, these Lenders are currently in settlement negotiations with various state attorney's general to settle claims of mishandling mortgage applications and loan processing services. Other than the fact these three Lenders provided Defendant with loans in this case, Defendant was not able to provide the Court with any concrete information about any particular "fraud related" investigation. Instead, Defendant maintains the position that the record custodians of these Lenders are "robo signers" of thousands of documents for their respective entities and the jury should be made aware of the government's investigation of these practices. The Court understands Defendant to be seeking not exculpatory evidence, but impeachment evidence to cast doubt on the credibility of the Lender's business practices in general.

"The suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

"Evidence is material 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *United States v. Rafferty*, 296 Fed. App'x 788, 795 (11th Cir. 2008) (quoting *Grossman v. McDonough*, 466 F.3d 1325, 1341-42 (11th Cir. 2006)). "Where, as here, the defendant only makes a general request for exculpatory material under *Brady,* the government decides which information must be disclosed." *United States v. Jordan*, 316 F.3d 1215, 1252, at n. 81 (11th Cir. 2003) (citing *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987)). "[M]ere speculation or allegations that the prosecution possesses exculpatory information will not suffice to prove 'materiality.'" *Id.* (citing *United States v. Ramos*, 27 F.3d 65, 71 (3d Cir. 1994)). "Indeed, a defendant's right to discover exculpatory evidence does not include the unsupervised right to search through the government's files, nor does the right require the prosecution to deliver its entire file to the defense." *Id.* (internal citations omitted).

Pragmatically, the Court cannot (as it ordinarily would) focus on the materiality of the specific evidence to determine whether it needs to be disclosed. That approach is stymied by the practical matter that Defendant does not identify any specific investigation or report relating to any particular financial institution. Rather, Defendant argues he is entitled to any and all information relating to any federal or state investigation of the institutional business practices of all the financial institutions with which the Defendant had dealings in this matter. In other words, the Defendant's position is that the government has an affirmative obligation to produce investigations or other reports relating to the conduct of a financial institution irrespective of whether any individual actor within the institution is involved in the prosecution of the present defendant. As the government noted during the hearing, such a request is appropriately coined an "institutional *Brady* request" as it focuses on the institution – not the individuals testifying.

The Court notes a dearth of case law addressing this particular issue. Defendant's citation to *Youngblood v. West Virginia*, 547 U.S. 867 (2006) is misplaced. Indeed, there is nothing in *Youngblood* to suggest the expansion of *Brady* to include evidence related to an investigation of an institution, as opposed to an individual who testifies adverse to a defendant. To the contrary, in *Crowe v. Hall*, 490 F.3d 840 (11th Cir. 2007), the Eleventh Circuit held that an investigation unrelated to the testimony of the witnesses was not *Brady* material and, therefore, its absence from the trial "cannot reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." (internal citations omitted).

The Court agrees that the government must turn over all material to the extent Defendant's request is read narrowly to seek only exculpatory material or impeachment material relating to the declarants at issue in this case. The government represented at the hearing that all such material (if it exists) has been produced. To require the government to sift through the files of all law enforcement agencies investigating these Lenders, however, would forge well beyond even the most liberal reading of *Brady* and its progeny. That much seems clear even after examining Justice Stevens's particularly apt description of the prosecutor's dual role: "For though the attorney for the sovereign must prosecute the accused with earnestness and vigor, he must always been faithful to his client's overriding interest that 'justice shall be done.' He is the 'servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer.'" *United States v. Agurs*, 427 U.S. 97, 100-01 (1976). Although this prosecutorial dichotomy places a heavy burden on prosecutors to ensure justice is done, it is the view of this Court that justice does not demand that prosecutors open the door for defendants to search the investigative files of any institution simply because it may have provided a loan to the defendant. Accordingly, it is

**ORDERED** that the government's *ore tenus* motion to renew it prior motion *in limine*

regarding the admissibility of certain business records is GRANTED and Defendant John W. Lebron's *ore tenus* motion to compel production of allegedly undisclosed records in the possession of the United States and their investigative agencies is DENIED.

**DONE AND ORDERED** in Chambers in Tampa, Florida this 2nd day of October, 2012.

**ELIZABETH A. KOVACHEVICH**
United States District Judge

Copies furnished to: All Counsel of Record